IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **RAYMOND SPIVEY PETTIT,** § | | |
| **TDCJ-CID No. 568581,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. V-05-23 |
| § | | |
| **NATHANIEL QUARTERMAN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION & ORDER**

Raymond Spivey Pettit ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Dkt. No. 2.  Respondent has filed a Motion for Summary Judgment.  Dkt. No. 10.  Having considered the motions, record and the relevant law, the Court finds that Respondent's motion should be GRANTED and Petitioner's habeas petition should be DISMISSED.

**Background**

Petitioner claims that his rights were violated in the course of disciplinary proceeding number 20050079066.  Dkt. No. 2 at 3-6.  Petitioner was charged with trafficking and trading after he allegedly traded a haircut for food items and a t-shirt, and with creating a disturbance after he was confronted about the food items by a security officer.  Disciplinary Hearing Record ("DHR") at 6. Petitioner was notified of the charge on November 16, 2004 and attended a disciplinary hearing on

1

November 18, 2004, where he was found guilty on both charges. *Id.* at 1. The Disciplinary Hearing Officer ("DHO") assessed the following punishment: thirty days loss of recreation privileges; thirty days loss of commissary privileges; thirty days of cell restriction; contact visit suspension through January 31, 2005; and thirty days loss of good-time credit. *Id.*

On December 1, 2004, Petitioner submitted a Step 1 grievance form. Disciplinary Grievance Record ("DGR") at 3. This grievance claims that the DHO refused to call Petitioner's witnesses, that the DHO rejected all of Petitioner's questions for the charging officer, and that the DHO turned off the tape recorder in use during the hearing. *Id.* at 3-4. The Step 1 grievance was rejected on December 8, 2004. *Id.* at 4.

One week later, on December 15, 2004, petitioner submitted a Step 2 grievance form. *Id.* at 1. Petitioner's claims in the Step 2 grievance echoed the claims in the Step 1 grievance and added claims that the DHO participated in the investigation and that the charges were changed. This grievance was rejected on January 10, 2005. *Id.* at 2.

Petitioner filed his federal habeas corpus petition on February 22, 2005. Dkt. No. 2.

## Claims and Allegations

Petitioner alleges four grounds for his claim that his due process rights were violated:

1. The DHO denied Petitioner the right to question the charging officer and a witness;

2. The DHO partook in the investigation of the case;

3. The disciplinary case was originally written for possession of contraband and later changed to the charges of trafficking and trading and creating a disturbance, which charges were not investigated;

4. The DHO turned off the tape recorder during the hearing and refused to turn it back on.

## Exhaustion of Administrative Remedies

Petitioner's second and third claims are barred for failure to exhaust administrative remedies. Before bringing a habeas corpus petition in federal court, Petitioner must exhaust his administrative remedies. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978). Here, Petitioner's administrative remedy was the two-step grievance procedure outlined above. Petitioner must, however, present all of his claims at each of the steps in the grievance procedure. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Petitioner did not present his second and third claims in the Step1 grievance, raising them for the first time at Step 2. This does not satisfy the requirements of exhaustion, and thus these claims are procedurally barred.

Petitioner has not alleged the "extraordinary circumstances," *Central States Southeast & Southwest Areas Pension Fund v. T.I.M.E.-DC*, 826 F.2d 320, 329 (5th Cir. 1987), or good cause and actual prejudice necessary to overcome the procedural bar. *Johnson v. Cain*, 215 F.3d 489 (5th Cir. 2000).

## Summary Judgment

Respondent is entitled to summary judgment if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the [respondent] is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(c). Respondent, as the movant, bears the burden of convincing the court that this standard has been satisfied.

Due process in the context of a prison disciplinary decision does not require all the protections of a full-blown criminal trial. It does require that there be "some evidence in the record" to support the findings of the disciplinary authorities, *Superintendant, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985), as well as advance written notice of the violation (at

least 24 hours before the hearing), a written statement giving the grounds for the disciplinary decision, and the ability to call witnesses and provide documentary evidence. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

The DHR adequately demonstrates that the disciplinary hearing challenged by Petitioner did not violate the requirements of due process. The charging officer's statement regarding the events provided adequate evidence on which Petitioner's punishment could be based. *See* DHR at 2-3, 6-7. Petitioner was given advance written notice of the charges against him, as he was informed of the charges on November 16, 2004, in anticipation of his hearing on November 18. DHR at 1. A written statement was made giving the grounds for the discipline. *Id.* (listing the grounds as "officer's report and testimony").

Petitioner's first claim directly addresses the final *Wolff* requirement, that he be allowed to call witnesses. The DHR, however, shows that the witness Petitioner wished to call, Watts, gave a brief statement by telephone to Petitioner's counsel-substitute: "Pettit did get very belligerent and vulgar on 11/10/04. He had to be handcuffed and escorted away. It did disrupt the evening meal (chow) and traffic." DHR at 15. This witness, then, spoke *against* Petitioner, not for him, and thus Petitioner's desire to "call" Watts as a witness was really a desire to confront and cross-examine him. Prisoners have no rights to confrontation or cross-examination in disciplinary hearings, however. *Wolff*, 418 U.S. at 567-68. Thus the denial of the right to call Watts did not violate Petitioner's due process rights.

The other half of Petitioner's first claim, that he was denied the right to pose questions to the charging officer, also invokes a nonexistent right to cross-examine. Neither Petitioner's petition, his grievances, nor his statements at the disciplinary hearing indicate any desire to question any

witness other than Watts or the charging officer. Petitioner's right to call witnesses, then, was not infringed.

As to petitioner's fourth claim, regarding the tape recorder, Petitioner has no due process right to have the proceedings of his disciplinary hearing recorded. The DHO's alleged refusal to turn on the recorder, then, violates no right of Petitioner's.

Respondent has met its burden of showing the court that there is no dispute about any material fact, and that Respondent is entitled to judgment as a matter of law.

## Petitioner's Miscellaneous Motions

Petitioner filed three motions on April 18, 2008. The first, styled as a Motion In Limine, asks that the court disregard all reference to the disciplinary hearing tape on account of said tape being destroyed due to document retention policies of the Stevenson Unit of the Texas Department of Criminal Justice. Petitioner complains of two statements in Respondent's motion and brief in particular.

First, Petitioner points to Respondent's argument that "the record suggests Pettit's assertion is incorrect as it clearly shows questions asked of and answered by Officer Harris . . . ." Respondent's Motion for Summary Judgment with Brief in Support at 11. Petitioner argues that the truth of this statement cannot be determined. Petitioner, however, is incorrect: the DHR shows "cross examination questions" asked of and answered by the charging officer. DHR at 2. The tape, then, is not required to support this argument. And in any case, the Court does not rely on this argument by Respondent, since it is immaterial whether Petitioner had the opportunity to cross-examine the charging officer.

Second, Petitioner claims that Respondent argues that the DHO did not halt the tape

5

recording. This is not, however, Respondent's argument. Rather, Respondent merely argues that there is no evidence in the record to support Petitioner's claim that the tape recording was improperly halted. Further, this claim, like Petitioner's first claim in this motion, is immaterial because Respondent is entitled to summary judgment regardless of whether the DHO stopped tape-recording the hearing.

The gist of Petitioner's second and third motions is that he never received the State Court Records (i.e. the DHR) that Respondent relies on, and thus he cannot prepare a reply to Respondent's motion for summary judgment. Even if Petitioner received these records, however, no adequate reply could be developed. Two of Petitioner's claims are procedurally barred, and the other two invoke rights he does not have (cross-examination and tape recording). Petitioner's receipt of the DHR, then, would not change the outcome of this case.

## Certificate of Appealability

Petitioner is entitled to a Certificate of Appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner's arguments here are either procedurally barred or claim violations of rights garnering no constitutional protection, and thus Petitioner has failed to meet the standard set by the statute. A Certificate of Appealability will not be issued.

## Conclusion

Based on the foregoing:

1. Respondent's Motion for Summary Judgment (Dkt. No. 10) is GRANTED;

2. Petitioner's Motions in Limine, to Inform the Court, and for Continuance (Dkt. Nos. 12-14) are DENIED;

3. This Petition for a Writ of Habeas Corpus (Dtk. No. 2) is DISMISSED; and

4. A Certificate of Appealability shall not issue.

It is so ORDERED.

SIGNED this 21st day of August, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE